[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION #105 OBJECTION TO MOTION TO DISQUALIFY
The plaintiffs instituted the instant action to collect on a promissory note in the original principal amount of one hundred fifty three thousand dollars. On August 20, 2002, the plaintiffs filed a Motion for Disqualification of the defendant's legal counsel, Attorney Richard B. Polivy. Plaintiffs assert in their motion that attorney Polivy:
 . . . [P]repared various documents m connection with the transactions associated with this note; specifically, a Trust Agreement and the subject Promissory Note. Furthermore, a $25,000 check, allegedly in partial payment of the outstanding amount, was drawn on Defendant's counsel's client's fund account.
The plaintiffs asserts m their motion that:
 The Defendant's counsel is an essential witness in this case. Plaintiffs intend to take Defendant's counsel deposition and to further call him as a witness in the trial of this action.
On August 23, 2002, the defendant filed an "Objection to Motion for Disqualification". The defendant asserts that the Motion for Disqualification is "premature" and that:
 Plaintiffs' counsel is assuming, without basis and without having performed any discovery, that Defendant's counsel has information which may be adverse to the Defendant . . .
Rule 3.7 of the Rules of Professional Conduct concerns a lawyer as a CT Page 12149 witness in a trial. This rule provides in pertinent part that:
 (a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:
(1) The testimony relates to an uncontested issue;
 (2) The testimony relates to the nature and value of legal services rendered in the case; or
 (3) Disqualification of the lawyer would work substantial hardship on the client.
The defendant asserts that his counsel's drafting of the trust agreement concerns an uncontested issue in the case at hand and therefore he may continue representing him pursuant to subsection 3.7(a)(1) of the Rules of Professional Conduct. The defendant also asserts that his counsel may continue to represent him pursuant to subsection 3.7(a)(3) of the Rules for reason that he is representing the defendant pro bono due to the defendant's financial status. He further asserts that that the disqualification of his counsel would work a substantial hardship on the defendant.
 "Disqualification of counsel is a remedy that serves to `"enforce the lawyer's duty of absolute fidelity and to guard against the danger of inadvertent use of confidential information."' Silver Chrysler Plymouth, Inc. v. Chrysler Motors Corporation, 518 F.2d 751, 754
(2d Cir. 1975). In disqualification matters, however, we must be `solicitous of a client's right freely to choose his counsel'; Government of India v. Cook Industries, Inc., 569 F.2d 737, 739 (2d Cit. 1978); mindful of the fact that a client whose attorney is disqualified may suffer the loss of time and money in finding new counsel and `may lose the benefit of its longtime counsel's specialized knowledge of its operations.' Id. The competing interests at stake m the motion to disqualify, therefore, are: (1) the [plaintiffs] interest in protecting confidential information; (2) the [defendant's] interest in freely selecting counsel of [her] choice; and (3) the public's interest in the scrupulous administration of justice. Goldenberg v. Corporate Air, Inc., 189 Conn. 504, 507, 457 A.2d 296 (1983), overruled in part, BurgerCT Page 12150 Burger, Inc. v. Murren, 202 Conn. 660, 522 A.2d 812
(1987).
 American Heritage Agency, Inc. v. Gelinas, 62 Conn. App. 711, 725 (2001).
The parties disagree as to whether attorney Polivy's testimony will concern an uncontested issue, however, counsel has not of this date been deposed and the plaintiff has not cited a specific contested issue concerning the trust agreement or other documentation drafted by the defendant's counsel.
Balancing the competing interests in the instant action, this Court comes to the conclusion that issue of counsel should not be disqualified at this time. Although the plaintiffs have asserted that they intend to call attorney Polivy as a witness, the fact that attorney Polivy may be called to testify at trial is not, in and of itself enough of a reason to disqualify him from representing the defendant. The Rules of Professional Conduct clearly provides that in certain instances an attorney who is litigating a matter may testify during the trial of said matter. No discovery has been conducted at this point so as to determine whether or not the subject testimony will come within one of the exceptions.
The objection to motion to disqualify counsel is sustained.
 ___________________ Richard A. Robinson, J September 27, 2002
CT Page 12151